IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEDERAL INSURANCE COMPANY, *et al.*,  *
                                                       *
        Plaintiffs,                     *
                                                       *
vs.                                                *        Civil Action No. ADC-16-4128
                                                     *
HIGH CONSTRUCTION COMPANY, LLC, *
*et al.*,                                           *
                                               *
        Defendants.              *
                                             *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant, Galletta Engineering Corporation ("Galletta"), moves this Court to dismiss, or alternatively, to grant summary judgment in its favor for, the claims of Plaintiffs, Federal Insurance Company ("Federal"), t/i/u/ and t/t/u/o Alpha Technologies Services, Inc. ("Alpha,"), and Alpha (collectively with Federal, "Plaintiffs"), for Plaintiffs' failure to file a certificate of qualified expert under § 3-2C-02(a)(2)(ii) of the Courts and Judicial Proceedings Article of the Maryland Code ("CJ") (the "Motion to Dismiss") (ECF No. 37). After considering the Motion to Dismiss and the response thereto (ECF No. 41), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). For the reasons stated herein, the Court DENIES Galletta's Motion to Dismiss.

### **FACTUAL BACKGROUND**

Alpha contracted with Comcast Cable Communications Management, LLC ("Comcast") for a building extension and upgrade. ECF No. 2 at 4. Alpha contracted with Galletta to provide engineering and design services for the extension and upgrade and to provide insurance protection for Alpha. *Id.* at 5. Alpha also contracted with High Construction Company LLC

1

a/k/a High Construction Company ("High Construction"), a general contractor, to oversee the engineering design implementation, including making preparations for and supervising a concrete pour at the construction site on or about October 16, 2013, which Ron Kemper Masonry, LLC ("Ron Kemper Masonry") would perform. *Id.* at 6.

On October 16, 2013, a grout mixture, rather than concrete, was poured into the cells of a concrete masonry unit block wall. *Id.* at 6–7. The grout mixture breached the wall and encased Comcast cables routed through the floor system. *Id.* at 7. As a result, remediation work was required and the extension and upgrade area was used to reroute Comcast's existing communications services, rather than to increase Comcast's communications bandwidth. *Id.* at 7–8. Alpha and other independent contractors paid by Alpha and its insurer, Federal, performed the remediation work and "incurred costs of no less than $625,071.44." *Id.* at 9.

In this lawsuit, Plaintiffs seek reimbursement "for the money they paid to Comcast or otherwise expended as a result of the negligence of Galletta, High Construction, and/or Ron Kemper Masonry [(all three collectively, "Defendants")], as well as the failure by Galletta and High Construction to obtain insurance protection as contracted to protect Alpha from the losses incurred and claimed by Comcast." *Id.* at 3. Galletta has moved to dismiss Plaintiffs' complaint, citing Plaintiffs' failure to file a certificate of a qualified expert pursuant to CJ § 3-2C-02(a)(2)(ii) with this Court. *See generally* ECF No. 37.

### PROCEDURAL BACKGROUND

On December 30, 2016, Plaintiffs filed this lawsuit against Defendants, alleging that Defendants were negligent in a construction matter and asserting indemnity, contribution, and

breach of contract claims (ECF No. 2).[1] On January 6, 2017, Galletta filed an answer (ECF No. 7), and about one week later, Ron Kemper Masonry filed its answer (ECF No. 8). On November 16, 2017, the Court determined that Plaintiffs had "shown good cause . . . why the Complaint should not be dismissed without prejudice against High Construction for failure to comply with Fed. R. Civ. P. 4(m) and Local Rule 103.8(a)." ECF No. 23 at 1.[2]

On March 12, 2018, Galletta filed the Motion to Dismiss (ECF No. 37). After receiving an extension, Alpha opposed the Motion to Dismiss on April 6, 2018 (ECF No. 34). Accordingly, the Motion to Dismiss is fully briefed.

## STANDARD OF REVIEW

A motion to dismiss for failure to comply with a certificate requirement is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Fraiser v. United States*, PX 16-2505, 2017 WL 1632414, at *3 (D.Md. May 2, 2017). When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Lay v. Caesars Enter. Servs., LLC*, CCB-18-96, 2018 WL 1947050, at *3 (D.Md. Apr. 25, 2018) (quoting *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997)). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a

---

[1] Plaintiffs originally filed this lawsuit in the Circuit Court for Anne Arundel County before removing it to this Court.

[2] On November 30, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 27.

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

## DISCUSSION

Galletta argues that Plaintiffs' complaint should be dismissed because Plaintiffs failed to file a certificate of qualified expert, attesting that Galletta failed to meet the applicable standard of professional care within ninety days as required by CJ § 3-2C-02(a)(2)(ii). ECF No. 37 at 1. While Alpha concedes that Plaintiffs did not file a certificate within the statutory time and requests a modification—an extension—of the ninety-day period for filing a certificate in its response, ECF No. 41 at 2–3, the Court does not need to consider such timing because, based on the allegations in the complaint, CJ § 3-2C-02 does not apply in this case.

CJ § 3-2C-02 sets out the filing requirement for an expert certificate and states, in relevant part, as follows:

> (a)(1) Except as provided in subsections (b) and (c) of this section, a claim shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the court.
> (2) A certificate of a qualified expert shall:
> (i) Contain a statement from a qualified expert attesting that the licensed professional failed to meet an applicable standard of professional care;
> (ii) Subject to the provisions of subsections (b) and (c) of this section, be filed within 90 days after the claim is filed; and
> (iii) Be served on all other parties to the claim or the parties' attorneys of record in accordance with the Maryland Rules.

CJ § 3-2C-02(a). CJ § 3-2C-01(c)(4) defines a licensed professional as a "professional engineer licensed under Title 14 of the Business Occupations and Professions Article." A professional engineer means "*an engineer* who is licensed by the Board to practice engineering." Md.Code,

4

Bus.Occ. & Prof. § 14-101(c), (g) (2018) (emphasis added); *see Adams v. NVR Homes, Inc.*, 135 F.Supp.2d 675, 716 (D.Md. 2001) (denying a motion for summary judgment based on CJ § 3-2C-02 because the defendant was a professional association, not an individual). In conclusion, the certificate requirement applies only to a cause of action based on a licensed engineer's negligent act or omission in rendering engineering services within the scope of the engineer's license. *Heavenly Days Crematorium, LLC v. Harris, Smariga & Assocs., Inc.*, 433 Md. 558, 561 (2013).

According to the complaint, Defendants are all professional corporations which provide engineering-related services. ECF No. 2 at 4–6. While licensed professionals provide services through these corporations, none of Defendants, including Galletta, satisfy the definition of a licensed professional because they are professional entities and not individuals. Plaintiffs' claims are directed to corporate entities, not individual engineers. It may be that the alleged deficiencies in Galletta and other Defendants' services are ultimately to be directed at one of their licensed engineers and, if true, would constitute a deviation from the standard of care required of such a professional. In the context of a motion to dismiss, however, where the allegations of the complaint are to be accepted as true and viewed in the light most favorable to the plaintiffs and those allegations do not fault a licensed engineer, it is premature to conclude that an expert certificate is required.[3] Accordingly, because the complaint is not subject to

---

[3] Upon further development of any facts related to the relationship between the alleged negligence and a licensed engineer, Galletta may wish to move for summary judgment. While a plaintiff may ask the court, in a written request, to waive or modify the certificate requirement "for good cause" pursuant to CJ § 3-2C-02(c), as Alpha seeks to do here, the Court of Appeals held in *Heavenly Days Crematorium, LLC v. Harris, Smariga & Associates, Inc.*, 433 Md. 558, 579 (2013), that a trial court has no discretion to grant a request for a modification when the request is made after the time to file the certificate has expired. The Maryland Court of Appeals explained that "[a]lthough CJ § 3-2C-02(c)(1) does not explicitly set a time period in which a written request to waive or modify the certificate requirement be made," in order for paragraph

dismissal for failure to comply with the certificate requirement of CJ § 3-2C-02, Galletta's Motion to Dismiss Plaintiffs' complaint is DENIED.

A separate order will follow.

Date: 8 May 2018

_____
A. David Copperthite
United States Magistrate Judge

---

2(c) "to be operative, the time for filing the certificate cannot have expired when the request for waiver or modification is made; otherwise, there would be no time period for the request to suspend." *Id.* The court reasoned that "[t]he structure of CJ § 3-2C-02(c) thus indicates that a motion to waive or modify the certificate requirement is to be filed within the time period for filing the certificate." *Id.* (footnote omitted). The court also looked at the legislative history and concluded that "[t]he Legislature's decision not to include [an allowance for an extension of the deadline where the court found that the plaintiff's delay was willful or the result of gross negligence] in CJ § 3-2C-02 reasonably gives rise to the inference that, under that statute, 'the grace period should not be extended to parties who fail to timely file the requisite certificate.'" *Id.* at 580 (quoting *Heritage Harbour LLC v. John J. Reynolds, Inc.*, 143 Md.App. 698, 708–10 n.4 (2002)). Here, Alpha's written request for modification of the certificate requirement was made more than fifteen months after the filing of the initial complaint and a grace period to file a certificate after such an extended period would fail. *See id.* at 579–80. Therefore, "because the time to seek modification or waiver of the certificate requirement expired long ago, the court may humanely consign this complaint to its final resting place on a motion for summary judgment." *Id.* at 580.